### William W. McLaughlin, et al

*v.*

### The State of Illinois.

*Opinion filed November 15, 1892.*

1. Waters—*claim for damages to land through construction of dam—when not barred.* A claim for damages to land caused by overflow of river as a consequence of the construction of a dam by the State of Illinois is not barred by statute of limitations if filed within two years after the same accrues.

2. Same—*evidence entitling to award.* The Court reviews the evidence and holds that claimant's lands were damaged by the overflow or inundation occasioned by the construction of a dam by the State of Illinois.

The original petition in this case was filed October 20, 1879, on the part of Lewis McLaughlin, Harless McLaughlin, Claudius McLaughlin, Archibald McLaughlin, and Clara E. Gates.

Upon trial of this cause, on motion of claimants, the petition is amended making Charles McLaughlin, Mary McLaughlin, Marcus McLaughlin, Hiram McLaughlin, Ada McLaughlin, William McLaughlin and Darwin McLaughlin as the only heirs of William McLaughlin who departed this life intestate on the 1st day of July, A. D. 1876, co-complainants herein.

The petition charges that, on the 20th day of October, A. D. 1877, and before and since that time, claimants were, and have been, the undisputed owners of the lands fully described in the claim attached to the petition.

The lands described in the claim are as follows, to-wit:

The N. half S. W. fourth Sec. three T. 11 N. R. 9 E;

The S. half N. W. sec 3, T. 11 N. R. 9 E;

The N. E. fourth N. W. fourth sec. 3, T. 11 N. R. 9 E;

The N. W. fourth N. E. fourth sec. 10, T. 11 N. R. 9 E;

The E. half S. E. fourth, sec. 3 T. 11 N. R. 9 E.

This petition further charges that all of these lands are situated in the bottoms and low lands bordering upon the Illinois river, subject to inundations from floods and high waters in said river. That during the months of May, June, July, August, September and October in each year, said river is at or near low water mark and said lands left dry, yielding large crops of grass of great value, for hay, pasture, and produced large crops of corn and other grain. That seventy-two acres of said land had been farmed in corn and the remainder used for meadow and pasture.

That in the month of October, A. D. 1877, a dam was constructed across the said river near Copperas Creek, under and by virtue of the authority of the State of Illinois.

That said dam lifts the water at said Copperas Creek six and one-half feet higher than before the construction of said dam, and in the river opposite the lands of claimants described in said petition three feet higher than it would be but for said dam. The petition further states that said river is subject to summer freshets, raising the water in said river two to three feet, which, without said dam, were harmless to said lands, but with said dam makes what before said dam was built a freshet of two to three feet, now from four and one-half feet to six feet; the increase being caused wholly by the construction of said dam; and the piling and backing up of said river now from said dam and caused by the construction of said dam.

That thereby the claimants' lands have become water soaked and soft to such an extent that they no longer bear animals with safety and have become unproductive, liable to frequent destructive overflow and are worthless and will remain so forever whereby they have sustained damage to the amount of fifteen hundred and sixty-eight dollars.

August 9th, 1880, the Attorney General, acting for the State filed three pleas.

The statute of limitations is interposed and the claim is set up on the part of the State that the facts are insufficient to entitle the claimants to the allowance sought.

The Commission has heretofore decided that unless claims are presented for adjustment within two years they are barred.

This claim arises on account of the construction of the Copperas Creek dam, backing water over the claimants' lands, so that on that account said lands have become worthless. This dam was constructed on the 22d day of October, A. D. 1877, and this petition was filed October 20, 1879, which was within two years from the construction of said dam. If, therefore, any cause of action in fact, accrues to the claimants such claim is not barred by the statute of limitations.

There are then three questions remaining to be determined. They are: First—Were the lands damaged by the overflowing or inundation occasioned by the construction of said dam. Second—If so were the claimants at the time of such damage the legal owners of said lands. Third—The amount (if any) of damage.

After a careful examination of all the evidence in this case we are of the opinion that the construction of said dam so caused the water in the river to overflow and water soak a portion of claimants land as to render it less productive and less valuable for the purpose for which said lands are used. It appears from the evidence on file in this case that one H. A. McLaughlin, was the legal owner of the lands described in claimants' petition. That H. A. McLaughlin departed this life prior to the construction of said dam, intestate, seized of said land.

That he left surviving him Lewis McLaughlin, Harless McLaughlin, Claudius McLaughlin, Archibald McLaughlin, William McLaughlin and Elizabeth Ray, as his children and only heirs. That after the said H. A. McLaughlin departed this life Elizabeth Ray and William McLaughlin both departed this life intestate. That Elizabeth Ray left surviving her as her only heir claimant

Clara E. Gates, and that William McLaughlin left surviving his as his only heirs at law Charles McLaughlin, Mary McLaughlin, Marcus McLaughlin, Hiram McLaughlin, Ada McLaughlin, William McLaughlin and Darwin McLaughlin, all living and claimants herein.

We further find that the claimants, as heirs of the said H. A. McLaughlin have held open, notorious and peaceful possession of said lands, and have paid the tax thereon from the time of the death of the said H. A. McLaughlin to the present time; and that their title to said lands has never been disputed.

We find, therefore, that the claimants are the legal owners of said lands in the following proportion as tenants in common.

Lewis McLaughlin, Harless McLaughlin, Claudius McLaughlin, Archibald McLaughlin and Clara E. Gates each one-sixth of said land, and the heirs of William McLaughlin hereinbefore named one-sixth of said land.

The evidence in this case and the survey both show that the N. half S. W. sec. 3 T. 11 N. R. 9 E., and the S. half N. W. sec. 3, T. 11 R. 9 E., are both low lands, and that the raising of the low water mark in the river near this land, caused by the construction of the dam has partially destroyed the productiveness of these two tracts, and rendered some twenty acres of but little if any value. We have, therefore, fixed the amount of damage to be paid claimants at the sum of four hundred dollars, said sum to be paid claimants as their interest in said lands are set forth herein.